STATE OF NORTH CAROLINA v. CRAVEN TURNER, JR.

No. 4

(Filed 12 April 1972)

**Criminal Law § 75— in-custody statements — failure to demand counsel — absence of waiver**

In this prosecution for first degree murder, the trial court erred in the admission of in-custody incriminating statements made by defendant without benefit of counsel where there was neither evidence nor finding that defendant specifically waived the right to counsel, the failure to demand counsel not constituting a waiver.

APPEAL by defendant from *Beal, S.J.,* May 31, 1971 Special Criminal Session, STANLY Superior Court.

The defendant was charged by indictment, proper in form, with the capital felony of murder in the first degree in the killing of James Alexander Howell. The offense is charged to have been committed in Stanly County on January 5, 1971. This is a companion case to *State v. Blackmon* tried at the March 29, 1971 Session, Stanly Superior Court. Blackmon and the defendant, Craven Turner, Jr., were separately indicted for murder in the attempt to perpetrate armed robbery.

The defendant Blackmon was convicted of murder in the first degree. The jury having failed to recommend life imprisonment, the court imposed the mandatory death sentence. This Court granted a new trial because of error committed by the trial court in permitting the State to introduce the defendant's in-custody confession made at a time when he was not represented by counsel, and had not affirmatively waived counsel. *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123.

The defendant and Blackmon were arrested and interrogated separately and then brought together by the officers where each implicated the other. The warnings required by the Supreme Court of the United States in *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602, had been given. In Turner's case as in Blackmon's, the court, after voir dire hearing, concluded that the admissions were knowingly and voluntarily made without any inducement or coercion and were admissible before the jury.

The theory of the State was that Blackmon and the defendant planned to rob the deceased, Mr. Howell; armed themselves

with a shotgun; and intercepted the intended victim as he was leaving home for work on the early morning of January 5, 1971. When first accosted, Mr. Howell gave evidence of his intention to resist the robbery. He was shot by one of the robbers. Both became frightened and left the scene in Turner's automobile after hiding their disguises which were later recovered.

The defendant Turner at his trial objected to the introduction in evidence of the in-custody admissions made to the officers. The trial court conducted a voir dire in which the officers testified that the warnings were given and Turner asked that Attorney Charles E. Brown be called. Attorney Brown was called and conferred with the defendant, but because of a conflict of interest Mr. Brown did not agree to represent the defendant. Other counsel for Turner was not obtained.

On the voir dire, the defendant testified that at the time of the interrogation he was frightened and did not remember the warnings. He did not deny that they were given. The defendant, however, did not testify at the trial before the jury and did not offer evidence.

The jury returned a verdict finding the defendant guilty of murder in the first degree with a recommendation the punishment be imprisonment for life in the State's prison. From the judgment in accordance with the verdict, the defendant appealed.

*Robert Morgan, Attorney General, by Ralph Moody, Special Counsel to Attorney General, and William Lewis Sauls, Associate Attorney, for the State.*

*Davis, Koontz & Horton by James C. Davis and Clarence E. Horton, Jr. for defendant appellant.*

HIGGINS, Justice.

After the appellant had filed the record of the case on appeal and his brief, the Attorney General filed the State's brief which contained the statement here quoted:

"In view of the decision of this Court in STATE v. BLACKMON (280 N.C. 42), we do not discuss the LYNCH case (279 N.C. 1). While we do not confess error because the Court may see and observe some features that distinguish this case from the BLACKMON case, nevertheless,

we are unable to distinguish between the two cases . . . . The critical ruling in the BLACKMON case is that the failure to ask for a lawyer does not constitute a waiver under the MIRANDA case."

The State, however, later requested, and was given permission to file a supplemental brief. In the supplemental brief the Attorney General called attention to the fact the defendant, after the original interrogations, requested that he have the opportunity to make changes in his story. He requested the further interview with the officers "to get it off his brain." He then made the incriminating statements which were admitted in evidence against him. He was still in custody charged with a capital felony. He had not withdrawn his request that he have counsel. He had at first asked for a lawyer and had Attorney Brown called, but Attorney Brown was unable to represent him. He did not waive his right to the presence and advice of an attorney, although he did not make a further demand for counsel. These facts do not constitute a voluntary waiver of counsel as this Court construes the requirement in *Miranda v. Arizona, supra.* On the voir dire and at the trial, however, the court found facts and concluded the admissions were knowingly and voluntarily made after adequate warnings and were admissible in evidence. However, there is neither evidence nor finding the defendant specifically waived the right to counsel.

At the time the offense here involved was committed (January 5, 1971) and at the time the incriminating admissions were made to the officers (February 19, 1971), the North Carolina statutory requirements as to counsel discussed in *State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561, were in force. The General Assembly, however, by Chapter 1243, Session Laws of 1971, amended Section 7A-457 of the General Statutes, relaxing the requirement that a waiver of counsel must be in writing. As stated in Blackmon, however, we base decision in this case on the failure to meet the requirement fixed by the Supreme Court of the United States in *Miranda v. Arizona, supra.* Failure to demand counsel is not a waiver.

We conclude, therefore, the trial court erroneously overruled the defendant's objection to his in-custody admissions. The judgment is vacated, the verdict is set aside and it is ordered that there be a

New trial.