STATE OF NORTH CAROLINA v. HARRELL RAY PHELPS

No. 731SC251

(Filed 11 July 1973)

1. Criminal Law § 66— failure to object to lineup at trial — issue raised for first time on appeal
    Where defendant did not object to a witness's in-court identification of him or request a *voir dire*, defendant could not for the first time on appeal raise the argument that a pretrial lineup as conducted was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification.

2. Criminal Law § 84— evidence of items in plain view in trunk of car — no search
    Though defendant refused officers permission to search his car, a witness could properly testify as to items he saw in the trunk of defendant's car when the trunk was opened by a police officer at defendant's request to secure a coat for defendant.

3. Criminal Law § 174— failure to object to evidence obtained from allegedly illegal search — consideration on appeal
    Where exhibits consisting of articles obtained from the trunk of defendant's automobile were admitted at trial without objection, any violation of constitutional rights was waived and defendant could not make objection for the first time on appeal.

APPEAL by defendant from *Cowper, Judge,* 11 September 1972 Session of Superior Court held in DARE County.

Defendant was charged in separate indictments with (1) felonious breaking and entering and felonious larceny and (2) assault with intent to kill resulting in serious injury. Defendant, entered a plea of not guilty.

The State presented evidence which tended to show the following: that William Z. Burrus is proprietor of a grocery store located on Highway No. 12 in Hatteras, N. C.; that on 26 March 1972 at 9:00 p.m., Burrus closed the store, locking it, and went to his house approximately 75 feet away; that about 10:00 p.m. he returned to the store and, upon entering, heard the rustling of papers; that Burrus walked to the back of the store and saw two men in the area of the back wall by the milk display case; that the milk display case was a lighted case and that one of the two men was standing directly under the light from the display case; that Burrus, unnoticed, observed the two men for a moment and then stepped out and asked them to put back what they had taken and leave; that Burrus opened a pocketknife and stepped toward defendant; that the second man started out behind Burrus, holding something shiny on his hip; that Burrus turned to look at the second man and was hit three times on the head by defendant; that the back door of the grocery store had been broken in, the safe opened, and $7,200 in money and other papers were taken; that defendant was stopped at a roadblock at approximately 12:45 a.m. on 27 March 1972 and charged with improper car registration; that defendant refused to permit a search of his vehicle and a search warrant was sent for; that while waiting defendant, in shirt sleeves, stated that he was cold and requested his coat out of the trunk of his car; that with defendant's permission the trunk to his car was opened for the purpose of getting defendant's coat; that on opening the trunk police observed a leather satchel, a pry bar and other tools; that on the day following the burglary, Burrus identified defendant out of a lineup.

Defendant offered evidence which tended to show that he was a mechanic and that the tools found in the trunk of his car were normal implements of his trade, and that he was elsewhere in Hatteras at the time of the commission of the crime.

The jury, under appropriate instructions, found defendant guilty of felonious breaking and entering, felonious larceny, and simple assault. Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Magner, for the State.*

*Kellogg, Wheless, and White, by Thomas L. White, Jr., for defendant.*

BROCK, Judge.

[1] Defendant assigns as error the allowance of the in-court identification of defendant by the prosecution witness, William Z. Burrus. Witness Burrus first identified defendant at a lineup prior to trial. Defendant contends, on appeal, for the first time, that the lineup as conducted was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. He argues that the record is void of any evidence that defendant was advised of his right to have an attorney present at the lineup or that he had waived this right to counsel at the lineup. Defendant also argues that the in-court identification by Burrus was tainted by the improprieties of the lineup and should not have been allowed.

"When the State offers a witness whose testimony tends to identify the defendant as the person who committed the crime charged in the indictment, and the defendant interposes timely objection and requests a *voir dire* or asks for an opportunity to 'qualify' the witness, such *voir dire* should be conducted in the absence of the jury and the competency of the evidence evaluated." *State v. Accor* and *State v. Moore*, 277 N.C. 65, 175 S.E. 2d 583. The record does not support defendant's contention that the pretrial lineup was conducted in an impermissibly suggestive manner. In the present case, there was no objection to the in-court identification of the defendant and there was no request for a *voir dire*. Defendant cannot for the first time raise this challenge on appeal. *State v. Cook*, 280 N.C. 642, 187 S.E. 2d 104. This assignment of error has no merit.

[2] Defendant excepts to the admission of testimony by Deputy Sheriff Pledger as to the presence of certain articles in the trunk of defendant's automobile. The witness testified, over objection, that he saw a small pry bar and a leather satchel similar to State's Exhibits 6 and 7 in the trunk of defendant's automobile. The witness observed these items when Officer Pilgreen opened the trunk of defendant's automobile to secure for defendant a coat which was located in that portion of the car. After being stopped at the roadblock and while the police waited for a search warrant, defendant stated that he was cold and wanted his coat which was in the trunk of his car. Defendant gave his permission to open the trunk and gave his car keys to Officer Pilgreen for that purpose. Witness Pledger testified only to what he observed in plain view when Officer Pilgreen opened the trunk. This assignment of error is without merit.

[3] Defendant excepts to the introduction into evidence of State's Exhibits 6-16, consisting of articles obtained from the trunk of defendant's automobile. Defendant contends for the first time on appeal that these exhibits were obtained through an illegal search and seizure and should be excluded. No objection was made at trial to the introduction of these exhibits into evidence. When exhibits are received in evidence without objection, any violation of constitutional rights involved is waived. Stansbury, N. C. Evidence (Brandis Revision) § 121a, p. 376; *State v. Mitchell*, 276 N. C. 404, 172 S.E. 2d 527. This assignment of error is overruled.

No error.

Judges BRITT and PARKER concur.