State v. Fuller

Judges MORRIS and CLARK concur.

STATE OF NORTH CAROLINA v. RALPH WILLIAM FULLER

No. 7524SC398

(Filed 15 October 1975)

1. Criminal Law § 29 — mental capacity — failure of defendant to raise question

Where defendant neither at trial nor on appeal contended that he was incompetent to stand trial, the trial court was not required, on its own motion, to make an inquiry as to defendant's mental capacity to plead to the charge.

2. Criminal Law § 66— identification of defendant — failure to request voir dire

The trial court did not err in failing to conduct a *voir dire* to make inquiry into the legality of out-of-court identification procedures

and pass upon the admissibility of the in-court identification testimony of the robbery victim where no objection was made to the victim's testimony and there was no request for a *voir dire*.

3. **Criminal Law § 76— admission of defendant — voluntariness**

In a prosecution for armed robbery of a "Service Distributor" service station attendant in Boone, the trial court did not err in allowing a police officer to testify that defendant admitted being at a "Service Distributor" in Boone on the night of the crime, since the trial court specifically found that defendant understood his rights as explained to him by the officers and that defendant knowingly, understandingly, and voluntarily made the statement.

4. **Criminal Law § 119— jury as sole triers of fact — no request for instruction**

The trial court did not err in failing to instruct the jury that they were the sole triers of fact and to take their own recollection of the evidence and not that of the court, and that it was within their province to take into consideration the demeanor of the witnesses as they testified or that they could believe all, some or none of what a witness testified to, since defendant made no request for such an instruction.

5. **Criminal Law § 114— jury instructions — "tended to show" — no expression of opinion on evidence**

The trial court's statement "tended to show," used in summarizing the evidence, did not constitute an expression of opinion.

6. **Constitutional Law § 32— right to counsel — no denial**

Defendant was not denied his constitutional right to effective assistance of counsel.

ON *certiorari* to review proceedings before *Falls, Judge.* Judgment entered 17 January 1973 in Superior Court, WATAUGA County. Heard in the Court of Appeals 2 September 1975.

Defendant was found guilty of the felony of armed robbery and judgment imposing a prison sentence was entered. Through court-appointed counsel, he gave notice of appeal. The appeal was not perfected because of illness of counsel. Other counsel was appointed, and we allowed his petition for certiorari.

At trial, the State presented evidence tending to show that the prosecuting witness was a service station attendant working from 10:30 at night until 6:30 in the morning at a "Service Distributor" service station in Boone. On 12 May 1972 at approximately 1:45 a.m., defendant came into the station, pointed a gun at the chest of the attendant and demanded money. The attendant turned over $177.00 and was thereafter instructed to go in the bathroom and stay one minute and one-half and then

State v. Fuller

come out. The interior of the station was well-lighted, and the attendant had the opportunity to observe defendant for about five minutes. The attendant described the robber to the police as being "approximately 5 foot 10 inches tall, from 130 to 145 pounds, dark or black hair, combing his hair back on the sides and on top, a black mustache and a goatee of grayish tint; wearing a goatee."

Two days after the robbery, the attendant was taken to police department offices in Lexington by two officers of the Boone Police Department. As officers of the Lexington Police Department brought defendant down a hall, the attendant said, "that's the man that robbed me right there."

Defendant voluntarily accompanied policemen back to Boone and shortly after his arrival was served with a warrant for armed robbery and placed in jail.

Defendant presented no evidence.

*Attorney General Edmisten, by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Guy A. Hamlin, for the State.*

*Charles C. Lamm, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] Defendant first contends that the trial court erred by failing to make inquiry into the results of the defendant's mental examination and to pass upon the defendant's mental capacity to plead to the charge.

Defendant's argument appears to be based entirely on an order signed by Judge McConnell in Rowan County on 14 September 1972, when defendant was awaiting trial on three charges of forgery. It appears that Judge McConnell committed defendant to a State mental hospital for observation for 60 days to determine his competency to stand trial. There is nothing in the record to suggest that this order was ever called to the attention of the judge who presided over defendant's trial in Watauga County. Moreover, the record is silent as to the results of the commitment for observation. " 'Every man is presumed to be sane and to possess a sufficient degree of reason to be responsible for his crimes until the contrary is proven.' " *State v. Hicks,* 269 N.C. 762, 153 S.E. 2d 488. Neither at trial

nor on appeal did defendant contend he was incompetent. His position that the judge should have, on his own motion, directed an inquiry on the question is overruled.

[2] Defendant next contends that the court erred by failing to conduct a *voir dire* to make inquiry into the legality of the out-of-court identification procedures and pass upon the admissibility of the in-court identification testimony of the attendant. No objection was made to the testimony of the attendant when he identified defendant as the man who robbed him at gunpoint and there was no request for a *voir dire*. Defendant's attempted showing of impermissible suggestiveness is raised for the first time on appeal and comes too late.

> "When the State offers a witness whose testimony tends to identify the defendant as the person who committed the crime charged in the indictment, and *the defendant interposes timely objection and requests a voir dire* or asks for an opportunity to 'qualify' the witness, such voir dire should be conducted in the absence of the jury and the competency of the evidence evaluated." *State v. Accor* and *State v. Moore,* 277 N.C. 65, 175 S.E. 2d 583; *see State v. Phelps,* 18 N.C. App. 603, 197 S.E. 2d 558. (Emphasis added.)

Here, defendant neither requested a *voir dire* nor objected to the testimony. Moreover, the evidence is very persuasive that the in-court identification was an independent identification based upon the victim's observation of defendant at the time of this robbery and was not influenced by the confrontation with defendant at the Lexington police station. The assignment of error is overruled.

[3] After conducting a *voir dire* and making appropriate findings, the judge allowed a police officer to testify that defendant admitted being at a "Service Distributor" in Boone on the night of 11 May. On appeal defendant again refers to the order entered in Rowan County committing him for observation. Defendant argues that, despite that order, the judge failed to make findings as to defendant's mental or educational capacity to understand and intelligently waive his rights. The assignment of error is overruled. The judge specifically found that defendant understood his rights as explained to him by the officers and that defendant knowingly, understandingly and voluntarily made the statement.

State v. Fuller

[4] In assignment of error number four, defendant contends that the trial court erred in its charge to the jury in that they were not instructed that they were the sole triers of the facts and to take their own recollection of the evidence and not that of the court, and that it was within their province to take into consideration the demeanor of the witnesses as they testified or that they could believe all, some or none of what a witness testified to. There was no request for that instruction. When inquiry was made of defendant's counsel if he would like to have anything added to the charge, he asked only for a brief instruction on what a reasonable doubt is, to which the court obliged. Moreover, the trial judge, in his charge, covered most if not all of the areas pointed out by defendant in this assignment. Specifically, the jury was charged " . . . it is your responsibility and yours alone to remember all of the testimony. Every bit of it is important." The jury was also told it could find defendant guilty as charged, guilty of a lesser included offense or that they could acquit him.

[5] Defendant also contends the court's statement "tended to show," used in summarizing the evidence, constituted an expression of opinion. This contention is without merit. *State v. Huggins,* 269 N.C. 752, 153 S.E. 2d 475.

[6] Finally, defendant suggests he may have been denied due process of law by not being provided with effective and able representation by his court-appointed trial counsel. We concur with the words of the trial judge to the defendant after verdict and judgment. "I thought [trial counsel] did very well with what he had to work with. I don't criticize or commend him either one." It is very easy to go over a record after trial and suggest errors of judgment by trial counsel or that different strategies might have been employed. The illness or incapacity of trial counsel to which defendant refers took place months after trial. The constitutional right to assistance of counsel does not guarantee the best available counsel, errorless counsel, or satisfactory results for the accused. *State v. Sneed,* 284 N.C. 606, 201 S.E. 2d 867; *United States ex rel. Weber v. Ragan,* 176 F. 2d 579. We hold that defendant's right to the effective assistance of counsel, guaranteed by the constitutions of North Carolina and the United States, has not been denied.

We find no prejudicial error in defendant's trial.

No error.

Judges MORRIS and CLARK concur.