STATE OF NORTH CAROLINA v. RANDALL BRICE HARRIS

No. 7526SC507

(Filed 5 November 1975)

**Constitutional Law § 37; Criminal Law § 75— confession — oral waiver of rights**

A confession obtained during custodial interrogation is inadmissible unless the defendant has signed a written waiver of rights, or at the very least, orally stated that he waives his rights; an oral statement that defendant *understands* his rights is not enough.

APPEAL by defendant from *Baley, Judge.* Judgment entered 7 April 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 26 September 1975.

Defendant, Randall Brice Harris, was charged in a bill of indictment, proper in form, with the 11 October 1974 armed robbery of Debbie Adams. Upon the defendant's plea of not guilty, the State offered evidence tending to show that Debbie Adams was riding as a passenger in a car operated by Mary McKinney. Mary McKinney drove into the parking lot of a restaurant, and as she was parking, defendant walked up to the car. He pointed a pistol at Debbie Adams, took her handbag off her shoulder, and ran away. B. C. Hamlin, a Charlotte policeman, testified that on 18 October 1974, while being questioned in the Mecklenburg County Law Enforcement Center, defendant confessed to the robbery of Debbie Adams.

Before Hamlin testified as to defendant's confession, a voir dire hearing was held to determine whether this evidence was admissible. Evidence offered at the voir dire hearing tended to show that before questioning defendant on 18 October 1974, Hamlin advised defendant of his constitutional rights and asked defendant to sign a waiver form. Defendant said that he understood his rights but refused to sign the waiver. Hamlin then proceeded to question him, and he orally confessed to the crime. The court held that defendant had waived his constitutional rights and that his confession was admissible.

Defendant offered evidence tending to show that he was at the home of his parents on the night of 11 October 1974.

From a verdict of guilty as charged and the entry of judgment imposing a prison sentence of twelve (12) to fifteen (15) years, defendant appealed.

*Attorney General Edmisten by Associate Attorney William H. Guy and Associate Attorney James Wallace for the State.*

*Lacy W. Blue for defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error denial of his timely motions for judgment as of nonsuit. The record contains plenary competent evidence requiring the submission of this case to the jury on the charge of armed robbery.

Defendant assigns as error the admission into evidence of his oral confession to Officer Hamlin. Before the officer was permitted to testify as to the defendant's alleged confession, a voir dire inquiry was conducted to determine the admissibility of his testimony. After the voir dire, Judge Baley made findings of fact and drew the following pertinent conclusion:

> 4. "That he purposely, freely, knowingly, voluntarily and understandingly waived each of his rights and made a statement to the officer above mentioned."

Defendant contends, and we agree, that this conclusion is not supported by the evidence and the findings of fact. *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123 (1971), appears to be indistinguishable from the present case. In that case the defendant was questioned by law enforcement officers after being fully and properly advised of his constitutional rights. He expressly stated that he understood his rights, but he did not sign a written waiver of rights. The officers proceeded with the questioning, and defendant confessed to the crime with which he was charged. The Supreme Court held that his confession was inadmissible because he did not waive his constitutional rights. *Blackmon* establishes the rule that a confession obtained during custodial interrogation is inadmissible unless the defendant has signed a written waiver of rights, or at the very least, orally stated that he waives his rights. An oral statement that the defendant *understands* his rights is not enough. *Blackmon* further holds that the improper admission of a defendant's confession cannot be considered harmless error. *Id.* at 50.

Since our decision requires a new trial, it is not necessary that we discuss defendant's other assignments of error.

New trial.

Judges MORRIS and ARNOLD concur.