State v. Head

---

STATE OF NORTH CAROLINA v. JOSEPH MARION HEAD, JR.

No. 7529SC449

(Filed 17 December 1975)

Constitutional Law § 37; Criminal Law § 75— no waiver of right to counsel — confession inadmissible

> Defendant is entitled to a new trial where the trial court allowed into evidence a confession of defendant without first finding that defendant expressly waived his right to counsel before making the confession.

APPEAL by defendant from *Baley, Judge.* Judgment entered 20 March 1975 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 18 September 1975.

Defendant was charged in a bill of indictment for the first degree murder of James Michael Richards. Defendant entered a plea of not guilty after the State announced that it would seek no greater verdict than for second degree murder.

The State's evidence tended to establish that James Michael Richards was shot to death by Joseph Marion Head, Jr., the defendant. Richards' body contained nine bullet holes, most of which were in the head.

The State introduced evidence of a statement made by the defendant to Deputy Sheriff Pressley at the scene of the crime. The officer testified that the defendant said that Rich-

ards came to the defendant's house to see his girl friend and an argument ensued. Richards shot the defendant in the arm with a .25 caliber automatic pistol, and the defendant returned the fire, emptying his .25 caliber automatic pistol into Richards. The defendant then went into his house and brought out a .22 caliber automatic rifle and emptied the rifle into the deceased.

Before Officer Pressley testified as to statements which defendant made, a voir dire hearing was held. Evidence offered at the voir dire established that the defendant was advised of his constitutional rights, and stated that he understood them, prior to answering the officer's questions.

Defendant offered no evidence on the voir dire or at the trial. He was found guilty of voluntary manslaughter and given an active sentence. Defendant appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, for the State.*

*Robert W. Wolf and Robert L. Harris for defendant appellant.*

ARNOLD, Judge.

In his first assignment of error defendant challenges the admissibility of the testimony of Officer Pressley concerning statements made to him by defendant. Defendant contends that the court's findings of fact are not supported by the evidence in that there was no testimony that he expressly waived counsel.

In *State v. Blackmon,* 284 N.C. 1, 9, 199 S.E. 2d 431 (1973), Huskins, J., speaking for the court, said:

"Consequently, it is established that defendant was fully advised and understood that he had the right to remain silent; that anything he said could and would be used against him in a court of law; that he had the right to have a lawyer present during interrogation and to confer with counsel before any questioning if he so desired; that if he could not hire his own attorney the State would appoint and pay a lawyer to represent him; and that if he chose to answer questions or make a statement he could stop talking at any time. The findings further establish that defendant never requested the presence of counsel but never said he did not want a lawyer. Finally, the findings establish that his later statement was not coerced but was freely and

voluntarily made. These facts, however, are not sufficient to constitute a waiver of counsel. There is neither evidence nor findings of fact to show that defendant expressly waived his right to counsel, either in writing or orally, within the meaning of *Miranda* on which our decision in *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123 (1971), is based."

We cannot distinguish *Blackmon, supra,* from this case where it is undisputed that defendant was fully advised of his constitutional rights and that he understood these rights. However, there is no evidence or finding of fact to support a conclusion that defendant expressly waived his right to counsel. The defendant did not orally, or in writing, expressly state that he waived his right to counsel. *See State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123 (1971); *State v. Thacker,* 281 N.C. 447, 189 S.E. 2d 145 (1972); *State v. Harris,* 27 N.C. App. 412, 219 S.E. 2d 266 (1975).

In view of the fact that our Supreme Court has held that there is no waiver of counsel in factual situations similar to this case, defendant is entitled to a new trial. We find it unnecessary to discuss defendant's remaining assignments of error.

New trial.

Judges MORRIS and HEDRICK concur.