State v. Starling

STATE OF NORTH CAROLINA v. LEON WILBURT STARLING

No. 7621SC752

(Filed 16 March 1977)

Criminal Law § 75— admission of confession — failure to show express waiver of counsel

The trial court erred in the admission of defendant's confession where the State failed to show affirmatively that defendant knowingly and intelligently waived his right to have counsel present during the questioning.

APPEAL by defendant from *Crissman, Judge*. Judgment entered 10 June 1976 in Superior Court, FORSYTH County. Heard in the Court of Appeals 16 February 1977.

Defendant was charged in a bill of indictment with felonious breaking or entering and felonious larceny. The jury found him guilty as charged. The two counts were consolidated for a judgment of imprisonment for a term of not less than four nor more than eight years.

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, for the State.*

*Michael R. Greeson, Jr., and Jim D. Cooley for the defendant.*

BROCK, Chief Judge.

Defendant moved to suppress the evidence of his confession. From competent evidence offered on *voir dire*, the trial judge found that defendant was advised of his rights in accordance with the *Miranda* requirements and that defendant understood

those rights. There also was competent evidence to support the trial judge's finding that defendant was offered the opportunity to call an attorney and that his statements to the officers were not coerced but were voluntarily made. However, there is no evidence in this record of an express waiver of right to counsel at the interrogation, and the trial judge made no such finding.

According to the mandate of *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966), "[n]o effective waiver of the right to counsel during interrogation can be recognized *unless specifically* made after the warnings we here delineate have been given." *Id.* at 470, 16 L.Ed. 2d at 721, 86 S.Ct. at 1626 (emphasis added). "But a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained." *Id.* at 475, 16 L.Ed. 2d 724, 86 S.Ct. at 1628. " . . . [F]ailure to ask for a lawyer does not constitute a waiver." *Id.* at 470, 16 L.Ed. 2d at 721, 86 S.Ct. at 1626.

The foregoing principles were adhered to in *State v. White,* 288 N.C. 44, 215 S.E. 2d 557 (1975) ; *State v. Thacker,* 281 N.C. 447, 189 S.E. 2d 145 (1972) ; *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123 (1971) ; and *State v. Head,* 28 N.C. App. 189, 220 S.E. 2d 641 (1975).

When the State "seeks to offer in evidence a defendant's in-custody statements, made in response to police interrogation and in the absence of counsel, the State must affirmatively show not only that the defendant was fully informed of his rights but also that he knowingly and intelligently waived his right to counsel. (Citations omitted.) When the *voir dire* evidence regarding waiver of counsel is in conflict the trial judge *must* resolve the dispute and make express findings as to whether the defendant waived his constitutional right to have an attorney present during questioning." *State v. Biggs,* 289 N.C. 522, 531, 223 S.E. 2d 371, 377 (1976).

For the failure of the State to show affirmatively that defendant knowingly and intelligently waived his right to counsel, it was error to admit defendant's confession into evidence, and there must be a trial *de novo*.

Defendant's argument that the trial judge should have instructed the jury on the law regarding voluntary intoxication is feckless. The only evidence of intoxication was defendant's

statement on *voir dire*. No evidence of intoxication of defendant was presented before the jury.

New trial.

Judges PARKER and ARNOLD concur.