STATE OF NORTH CAROLINA v. FRANKLIN DENNIS MORTON AND SHER-
RILL DEVON TUCK

No. 779SC678

(Filed 6 June 1978)

1. **Criminal Law § 76.9— voir dire findings unsupported by evidence—error not corrected on subsequent voir dire**

   Where the trial court makes findings of fact after a voir dire hearing which are not supported by the evidence, such error is not cured by having another voir dire hearing later in the trial at which evidence is offered that supports the original findings.

2. **Criminal Law § 75.11— waiver of constitutional rights—voluntariness—sufficiency of evidence**

   Defendant's answering of questions during an interrogation coupled with his statement at an earlier interrogation, "Well, I'll tell you" and his statement at the subsequent interrogation that he did not want an attorney was sufficient for the judge conducting the voir dire hearing to conclude that defendant knowingly and understandingly waived his right to counsel and his right to remain silent at the subsequent interrogation; moreover, the voluntariness of the earlier confession was not affected by the facts that defendant was a minor; when the officer explained defendant's rights to him, the officer said, "those . . . may be written a little bit different on the paper, but it's the same thing"; the officer refused to tell defendant how much time he could get; three of defendant's friends were in the room with him and they were crying and telling defendant to tell the truth; and the officer did not call defendant's parents or his grandfather with whom he was living.

APPEAL by the defendant, Franklin Dennis Morton, from *Canaday, Judge.* Judgment entered 1 April 1977 in Superior Court, GRANVILLE County. Heard in the Court of Appeals 9 January 1978.

The defendants, Franklin Dennis Morton and Sherrill Devon Tuck, were each charged in separate bills of indictment with armed robbery. Defendant Morton, before pleading, made a motion to quash the bill of indictment, which motion was denied. The cases were consolidated for trial. Before the State had concluded its evidence, the defendant, Sherrill Devon Tuck, withdrew his plea of not guilty and entered a plea of guilty. The defendant, Franklin Dennis Morton, was convicted of armed robbery. From a prison sentence of not less than 35 nor more than 40 years, defendant Morton appeals.

The State's evidence tended to show that on 27 September 1976, Roger Lee McGarr was robbed while working in The Pantry, a convenience store in Oxford, North Carolina. Mr. McGarr testified that three black men came into The Pantry, two of whom were armed with pistols and robbed him. He testified further that they were wearing stocking masks and he was unable to identify them.

The State offered the testimony of Henry Royster, a detective with the City of Oxford Police Department. When the defendant objected to the testimony of Mr. Royster as to a statement made to him by the defendant, Judge Canaday conducted a *voir dire* hearing out of the presence of the jury.

At the *voir dire* hearing, the evidence showed that Mr. Royster, while investigating the robbery at issue in this case as well as other incidents, took Franklin Dennis Morton and Sherrill Devon Tuck into custody on 29 November 1976. He separated them and carried defendant Morton into a room where also present were Mrs. Eunice White, an employee of the Oxford Police Department, Diane Jones, Shirley Holman, and Nathaniel Harris, who were friends of the defendant. Shirley Holman described herself as defendant Morton's girl friend. Mr. Royster testified that all four of them were suspects. There was evidence that the two girls were crying and telling defendant Morton to tell the truth. Mr. Royster fully advised the defendant of his constitutional rights as to self-incrimination and to be represented by an attorney. Defendant Morton refused to sign a written waiver of his constitutional rights, but according to the testimony of Mr. Royster, defendant Morton, after some conversation said, "Well, I'll tell you" and made a statement implicating himself in the robbery.

The defendant offered testimony at the *voir dire* hearing, including his own testimony, in which he denied waiving any rights and denied making any statement which implicated him in the robbery. The evidence further showed that defendant Morton fled from the interrogation room and was apprehended a few days later on 2 December 1976.

At the conclusion of the testimony at this *voir dire* hearing, Judge Canaday made findings of fact and conclusions of law sufficient to admit into evidence the statement of defendant Morton to

Mr. Royster on 29 November 1976, and also a statement made by defendant Morton to Mr. Royster at a second interrogation that occurred on 2 December 1976. There was no evidence at this *voir dire* hearing as to what occurred at the interrogation on 2 December 1976.

After the jury had returned to the courtroom, Mr. Royster resumed his testimony. Defendant Morton objected to testimony as to any statement he made to Mr. Royster on 2 December 1976. The court then conducted a second *voir dire* hearing out of the presence of the jury as to the interrogation of 2 December 1976. At this hearing, Mr. Royster testified that after defendant Morton was arrested on 2 December 1976, he interrogated him alone at the Oxford Police Department building. Mr. Royster further testified that he fully advised the defendant of his constitutional rights and when he asked the defendant if he wanted a lawyer, the defendant said he did not want one at that time. According to Mr. Royster, defendant Morton then made a full confession. Defendant Morton, at the second *voir dire* hearing, denied being advised of his rights or making a confession. The court made no findings of fact after the second *voir dire* hearing.

*Attorney General Edmisten, by Associate Attorney J. Chris Prather, for the State.*

*Watkins, Finch and Hopper, by William T. Watkins, for defendant appellant.*

WEBB, Judge.

[1]  The defendant Morton has challenged the court's findings as to the admissibility of his confessions. We believe this assignment of error has merit. We are faced with the question as to whether if the court makes findings of fact after a *voir dire* hearing which are not supported by the evidence, this is cured by having another *voir dire* hearing later in the trial, at which evidence is offered that supports the original findings. We believe that *State v. McCloud*, 276 N.C. 518, 173 S.E. 2d 753 (1970) stands for the proposition that, if possible, all evidence bearing on the admissibility of a confession should be offered at the *voir dire* hearing at which the ruling is made.

The evidence adduced at the second *voir dire* hearing was available to the State and could have been offered at the first hearing. We hold that the findings of fact unsupported by evidence at the first hearing was an error not cured by evidence offered at a second hearing and the admission of evidence as to the defendant Morton's statement of 2 December 1976 without findings of fact to support it constitutes error requiring a new trial.

[2] The defendant Morton contends there was not sufficient evidence to support the admission of his statements to Mr. Royster. Since this question could arise in a new trial, we shall discuss it.

Mr. Royster testified at the second *voir dire* hearing that when he questioned defendant Morton on 2 December 1976, defendant Morton first said he did not want an attorney and then began answering questions. This brings forward the question of whether the defendant consciously waived his right to remain silent. *State v. Blackmon*, 280 N.C. 42, 185 S.E. 2d 123 (1971) holds that the answering of questions by the defendant during an interrogation does not of itself constitute the waiver of the right to remain silent. In this case we hold that the defendant's answering of questions during the interrogation of 2 December 1976, coupled with his statement at the 29 November 1976 interrogation, "Well, I'll tell you" and his statement on 2 December 1976 that he did not want an attorney, is sufficient evidence for the judge conducting the *voir dire* hearing to conclude that the defendant knowingly and understandingly waived his right to counsel and his right to remain silent on 2 December 1976. For other cases on this subject, *see State v. Turner*, 281 N.C. 118, 187 S.E. 2d 750 (1972); *State v. Thompson*, 287 N.C. 303, 214 S.E. 2d 742 (1975); *State v. Bock*, 288 N.C. 145, 217 S.E. 2d 513 (1975); *State v. Lightsey*, 6 N.C. App. 745, 171 S.E. 2d 27 (1969); *State v. Smith*, 26 N.C. App. 283, 215 S.E. 2d 830 (1975); *State v. Fuller*, 27 N.C. App. 249, 218 S.E. 2d 515 (1975), and *State v. Harris*, 27 N.C. App. 412, 219 S.E. 2d 266 (1975).

Defendant Morton contends that he could not have made a valid confession on 29 November 1976 for the following reasons, among others: He was a minor; when Mr. Royster explained the defendant's rights to him, Mr. Royster said, "those . . . may be

written a little bit different on paper, but it's the same thing";
Mr. Royster refused to tell the defendant how much time he could
get; three of the defendant's friends were in the room with him
who were crying and telling the defendant to tell the truth, and
Mr. Royster did not call the defendant's parents or his grand-
father, with whom he was living. For cases dealing with these
questions raised by the defendant, *see State v. Hill*, 276 N.C. 1,
170 S.E. 2d 885 (1969); *State v. Dawson*, 278 N.C. 351, 180 S.E. 2d
140 (1971); *State v. Justice*, 3 N.C. App. 363, 165 S.E. 2d 47 (1968).
We do not believe these factors relied on by the defendant taken
singly or together vitiate the results of either interrogation.

The defendant was seventeen years of age at the time of the
interrogations and had completed the eighth grade. He should
have had the intelligence to understand his rights as explained to
him by Mr. Royster. We see nothing wrong with Mr. Royster's
statement, "those . . . may be written a little bit different on the
paper, but it's the same thing." We believe that according to Mr.
Royster's testimony, he gave the defendant a very good verbal
explanation of his rights and his statement as to its being the
"same thing" was only telling the defendant the truth. It was not
Mr. Royster's province to tell the defendant how much time he
would receive. In view of the stringent requirements the courts
have placed on officers not to offer any threat or hope of reward
at the time of interrogation, we can understand why Mr. Royster
was careful not to tell the defendant what his sentence might be.
We concede it may be more likely that the defendant would have
waived his rights if he had his good friends in the room with him
asking him to tell the truth. The question is whether the defend-
ant waived his rights knowingly, voluntarily and understandingly
without coercion or hope of reward. We do not believe the advice
of friends "to tell the truth" would be a threat or a promise suffi-
cient to vitiate the confession of the defendant in this case.

We hold there was sufficient evidence at the two *voir dire*
hearings that the court could find that the statements of the
defendant on 29 November 1976 and 2 December 1976 were made
freely, voluntarily and understandingly.

The defendant has also raised a question as to the validity of
the bill of indictment. Since we have ordered a new trial on other

grounds, we do not pass on this question. Suffice it to say the district attorney might be well advised to seek a new bill of indictment which would comport with the objection made to the present bill.

Reversed and remanded.

Judges BRITT and HEDRICK concur.